FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2020 DEC 21   A 10: 41

CAROL L. MICHEL
CLERK

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

# FELONY

### BILL OF INFORMATION FOR CONSPIRACY TO COMMIT BRIBERY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NUMBER:** 20 – 150 |
| **v.** | * | **SECTION:** SECT.J MAG. 1 |
| **DARREL FITZPATRICK** | * | **VIOLATIONS:** 18 U.S.C. § 371 |
| **a/k/a "Patrick Fields"** | | 18 U.S.C. § 201(b)(1) |
| | * | |

\*     \*     \*

The United States Attorney charges that:

### COUNT 1

**A.     AT ALL MATERIAL TIMES HEREIN:**

1.     United States Marine Corps (USMC) Marine Forces Reserve (MARFORRES), located at 2000 Opelousas Ave., New Orleans, LA 70114, was the headquarters command for approximately 100,000 Reserve Marines and 160 training centers located across 47 states. MARFORRES was responsible for, among other things, providing transportation to trained units and qualified individuals to mobilize in times of war, national emergency, and contingency operations.

X Fee      USA
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc.No._____

2.      Erik Martin (Martin) was a GS-9 employee in the Distribution Management Office (DMO) MARFORRES G-4. Specifically, Martin was a supervisory traffic management specialist in the transportation of people section. In this capacity, Martin was responsible for, among other things, coordinating the bus transportation of all Marine Corps Reserve forces as well as overseeing civilian and military members tasked with booking bus transportation for the aforementioned forces. In furtherance of his duties, Martin was entrusted to award, issue, and pay transportation contracts for the movement of Marine Corps personnel. Based on his employment status, Martin was a "public official," as that term is defined in Title 18, United States Code, Section 201(a)(1).

3.      Employees of the DMO received requests for bus travel from Marine Corps employees via a computer system known as "T3." If the request for transportation was approved, it was then sent to the DMO of MARFORRES, which was responsible for finding a bus carrier to accomplish the movement.

4.      DMO personnel were instructed to submit bids to approximately three to four bus companies in the regional area of where a movement would occur. The companies would then respond, and generally the most cost-effective carrier received the contract for the movement.

5.      Employees in the DMO were directed to use carriers from a Department of Defense (DOD) approved list, a copy of which was physically maintained in the DMO. Employees in the DMO could consult with companies not on the DOD-approved list only in special circumstances, such as a last-minute booking, or in situations where DOD-approved carriers could not provide the requested transportation.

6.      Company A was a bus brokerage company based in Atlanta, GA. Company A provided bus transportation services to more than 300 cities in North America through

2

independent, third-party charter companies. Before 2019, Company A occasionally provided bus transportation services to MARFORRES.

7.      Company A was not on the DOD-approved carrier list.

8.      **DARREL FITZPATRICK,** a resident of Georgia**,** was employed as a Senior National Account Manager at Company A from on or about November 24, 2014, until his termination on or about June 17, 2019. As a Senior National Account Manager, **FITZPATRICK's** job duties included booking transportation for clients (including the military), managing high value customer accounts, providing pricing approvals, and making decisions impacting the sales floor. **FITZPATRICK** was compensated for his duties through a base salary plus a commission that increased as he generated more profit.

9.      In about early 2019, **FITZPATRICK** started his own competing transportation brokerage company, National Charter Express, without Company A's knowledge. National Charter Express was not on the DOD-approved carrier list.

**B.      THE CONSPIRACY:**

Beginning on or about January 1, 2019, and continuing until at least September 1, 2020, in the Eastern District of Louisiana and elsewhere, defendant, **DARREL FITZPATRICK,** and others known and unknown to the United States Attorney, did knowingly and willfully combine, conspire, confederate and agree to corruptly give, offer, or promise anything of value to a public official with the intent to influence any official act, in violation of Title 18, United States Code, Section 201(b)(1).

**C.      NATURE AND PURPOSE OF THE CONSPIRACY:**

1.      The nature and purpose of the conspiracy included the following: (a) to facilitate **FITZPATRICK** receiving contracts for transportation from MARFORRES; (b) to provide bribes

3

to Martin in exchange for agreeing to direct, directing, and paying contracts from MARFORRES to **FITZPATRICK**; and (c) to enrich the co-conspirators through the conspiracy.

**D.    MANNER AND MEANS OF THE CONSPIRACY:**

The conspiracy was carried out through the following manner and means, among others:

1.    Martin met **FITZPATRICK** in approximately 2016, when **FITZPATRICK** was working for Company A. MARFORRES used Company A to provide transportation for a movement of Marines at that time. MARFORRES did not regularly use Company A because they were not on the DOD-approved vendor list. Martin knew **FITZPATRICK** by his alias, Patrick Fields.

2.    In about early 2019, **FITZPATRICK** started National Charter Express, a business that would compete with Company A.  Martin agreed to direct business to Company A, and then to National Charter Express, in exchange for **FITZPATRICK** paying kickbacks to Martin.

3.    **FITZPATRICK** and Martin then developed a scheme wherein Martin would advise **FITZPATRICK** to inflate the costs of an upcoming bid to MARFORRES, and then return a portion of the value of the increase directly to Martin.

4.    **FITZPATRICK** asked Martin where to send the extra money, and Martin provided his personal bank account. Subsequently, between on or about April 25, 2019, and on or about July 1, 2019, Martin caused **FITZPATRICK** to receive at least 70 payments totaling more than $1,900,000 into a financial account controlled by **FITZPATRICK** from a MARFORRES credit card.

5.    Per their agreement, between on or about May 23, 2019 and on or about June 20, 2019, in return for Martin agreeing to perform official acts, namely steering transportation

contracts to **FITZPATRICK**, **FITZPATRICK** directed and attempted to direct at least four payments totaling over $250,000 to a financial account under Martin's custody and control.

E.   **OVERT ACTS:**

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Eastern District of Louisiana, and elsewhere, the following overt act, among others:

1.      On or about June 14, 2019, **FITZPATRICK** transmitted a bribe via a wire transfer from the Northern District of Georgia to the Eastern District of Louisiana, namely from a financial account under **FITZPATRICK's** custody and control to a financial account under Martin's custody and control, in the amount of approximately $70,500.00.

All in violation of Title 18, United States Code, Section 371.

**NOTICE OF FORFEITURE**

1.      The allegations of Count 1 of this Bill of Information are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2.      As a result of the offense alleged in Count 1, defendant, **DARREL FITZPATRICK**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any property real or personal which constitutes or is derived from proceeds traceable to said offense, including but not limited to the following:

> Square, Inc., account number 37RAR0M8S3FT7, held in the name of **FITZPATRICK**;

> Square, Inc., account number 5Z39WTDHZ8YQW, held in the name of **FITZPATRICK**;

5

Regions Bank, account number 0257914788, held in the name of **FITZPATRICK**.

3.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.

PETER G. STRASSER
UNITED STATES ATTORNEY

MYLES D. RANIER
Assistant United States Attorney
Louisiana Bar No. 30029

New Orleans, Louisiana
December 21, 2020

6

No. _____

# United States District Court

## FOR THE

EASTERN _____ DISTRICT OF _____ LOUISIANA

UNITED STATES OF AMERICA

*vs.*

DARREL FITZPATRICK
a/k/a "Patrick Fields"

## BILL OF INFORMATION FOR
## CONSPIRACY TO COMMIT BRIBERY

Violation(s):

18 U.S.C. § 371
18 U.S.C. § 201(b)(1)

Filed _____, 20 _20_

_____, Clerk.

By _____, Deputy

_____
Assistant United States Attorney
MYLES D. RANIER